COURT OF COMMON PLEAS
HAMILTON COUNTY, OHIO
CIVIL DIVISION

| | | |
|---|---|---|
| JOSEPH HICKS<br>4601 Mt. Alverno Road<br>Cincinnati, Ohio 45238 | : <br> : <br> : <br> : | Case No.: **A 2 0 0 2 5 6 0**<br><br>Judge: _____ |
| Plaintiff | : | |
| v. | : <br> : | **PLAINTIFF'S COMPLAINT**<br>**WITH JURY DEMAND** |
| THE CITY OF CINCINNATI<br>801 Plum Street Unit #214<br>Cincinnati, OH 45202 | : <br> : <br> : <br> : | COPY FILED<br>CLERK OF COURTS<br>HAMILTON COUNTY<br><br>**JUL 20 2020** |
| Defendant | : | AFTAB PUREVAL<br>COMMON PLEAS COURTS |

Comes now the Plaintiff, Joseph Hicks, by and through counsel and for his complaint with jury demand against the Defendant, alleges as follows:

1. This action is brought by the Plaintiff against his former employer, the City of Cincinnati. Plaintiff alleges violation by the Defendant of the Family Medical Leave Act (FMLA), 29 USC § 2601 et seq.

2. Plaintiff was employed by the Defendant as a Waterworks employee from December 8, 2008 until he was terminated on or about July 24, 2018.

3. At that time of Plaintiff's termination, the Defendant, the City of Cincinnati was an "employer" as defined in the Family Medical Leave Act.

4. At the time of the events described in this complaint, Plaintiff was an eligible employee for the benefits under the Family Medical Leave Act.

5. Plaintiff, at all times, rendered good and faithful service to the Defendant throughout his employment.

6. At the end of 2017 and the beginning of 2018, due to family and work pressures, Plaintiff became ill as a result of the abuse of alcohol.

7. When the abuse of the alcohol began to affect his relationships with his family, he felt it may continue to affect his work. Plaintiff requested time off for one week pursuant to FMLA.

8. Pursuant to FMLA, the Plaintiff had in-patient treatment at Beckett Springs between March 4, 2018 and March 12, 2018.

9. Plaintiff had requested time off pursuant to FMLA and it was granted on April 17, 2018 by the Defendant, the City of Cincinnati.

10. The time taken off by the Plaintiff was counted against his leave entitlement.

11. On or about March 12, 2018, Plaintiff was capable to returning to work and performing all the essential functions of the job.

12. Prior to the Plaintiff returning to work, and after he returned to work, he submitted all the necessary paperwork to the City of Cincinnati's Human Resources Department.

13. Approximately three weeks after returning to work, Plaintiff's supervisor, Mr. DiSanto, approached the Plaintiff and requested documentation as to why Plaintiff was off work between March 4, 2018 and March 12, 2018.

14. Plaintiff requested why Mr. DiSanto needed the information because Plaintiff already submitted the documents to Human Resources.

15. Supervisor DiSanto stated he needed to verify this and if Plaintiff didn't give him the information, the Plaintiff would be reprimanded.

16. The Defendants, through its agents, reacted negatively to the news regarding Plaintiff's time off work and the fact that he was unable to work.

17. After Plaintiff returned to work, he was treated differently than similarly situated employees at the Cincinnati Waterworks. Upon Plaintiff's return to work, he was first placed in a position working on a project where he would receive significant overtime. Approximately three weeks after Plaintiff returning to work, Plaintiff's supervisors required him to be transferred to a position supervising other employees in which he and other employees would inspect the fire hydrants in Mason, Ohio. The program in Mason, Ohio did not give the Plaintiff any overtime which he had received prior to taking FMLA and for a short time after he returned.

18. Plaintiff was also treated differently by his supervisors when he returned to work. Supervisor Andy Caplinger required the Plaintiff to attend early morning meetings. Prior to Plaintiff's FMLA, Plaintiff would receive his assignments in early morning meetings, but then he would wait in his truck for a period time where he would read, listen to music or work on his schedule; rather than stay in the office with the other Waterworks employees where they would talk and socialize before they left. Employees at the Waterworks would wait between half an hour to an hour and sometimes later before leaving. When Plaintiff returned from his FMLA, he was required to attend the meetings and stay during the meeting and not go to his truck. In one particular meeting, supervisor Caplinger required the Plaintiff to sit in the middle of all the other employees where he was singled out and ostracized.

19. After the Plaintiff returned to work, he was terminated from his position for alleged falsification and other violations while working in the Mason Fire Hydrant Program. Plaintiff was terminated on July 24, 2018.

## FIRST CAUSE OF ACTION

20. Plaintiff restates the previous allegations and further alleges the Defendant, the City of Cincinnati, unlawfully interfered with and/or denied Plaintiff the exercise of his rights under the Family Medical Leave Act in violation of 29 USC § 2615(a)(1).

21. As a result of Defendant's unlawful actions, the Plaintiff suffered and continues to suffer stress, loss of employment and lost wages.

## SECOND CAUSE OF ACTION

22. Plaintiff restates all the previous allegations and further alleges that the Defendant unlawfully discriminated and retaliated against him for exercising his rights under FMLA when he was terminated from his position on July 24, 2018 in violation of 29 USC § 2615(a)(2).

## DAMAGES

23. As a result of Defendant's unlawful actions under FMLA, for interference and retaliation, Plaintiff has been damaged in the form of lost wages, lost benefits, lost retirement benefits, humiliation, embarrassment, fear, anxiety, mental anguish, and emotional stress. Furthermore, people in Plaintiff's community have become aware of his time off under FMLA, because the Defendant has publicly informed people who work at the Waterworks why he was off work under the Act.

24. The Defendant's actions herein described were intentional and malicious.

25. The Defendant's action not only violated the Family Medical Leave Act, but violated State law with regard to health benefits and deliberately interfered with Plaintiff as a beneficiary of a contract between his union and the City of Cincinnati.

WHEREFORE, Plaintiff demands judgment against the Defendant and seek relief in the form of reinstatement to his former position; damages for lost wages and benefits; liquidated

damages in an amount equal to his lost wages and benefits; compensatory and punitive damages; his costs of court; reasonable attorney fees incurred herein; and any other relief to which he may be entitled.

Respectfully submitted,

_____
Ivan L. Tamarkin, Esq. (0025468)
ivanlaw@fuse.net
119 E. Court Street, Suite 410
Cincinnati, Ohio 45202
513.381.6555 Telephone
513.345.4703 Facsimile
Attorney for Plaintiff, Joseph Hicks

Plaintiff Demands a Jury
_____
Ivan L. Tamarkin, Esq.