IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION
IN CINCINNATI

| | |
|---|---|
| JOSEPH HICKS, | Case No. 1:20cv641 |
| Plaintiff, | |
| | Judge Matthew W. McFarland |
| v. | |
| CITY OF CINCINNATI, | |
| Defendant. | |

**ORDER ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT
(Doc. 12) AND PLAINTIFF'S MOTION TO DISMISS
COMPLAINT PURSUANT TO RULE 41(A) (Doc. 14)**

This matter is before the Court on Defendant's Motion for Summary Judgment (Doc. 12) and Plaintiff's Motion to Dismiss the Complaint Pursuant to Rule 41(A) (Doc. 14). Neither party filed a response or reply to these motions and the time to do so has expired. Having carefully considered these Motions and for the reasons set forth below, the Court **GRANTS** Plaintiff's Motion to Dismiss without prejudice and **DENIES AS MOOT** Defendant's Motion for Summary Judgment.

**FACTUAL AND PROCEDURAL BACKGROUND**

Plaintiff Joseph Hicks filed this lawsuit in state court on July 20, 2020. (Doc. 2.) In his Complaint, Plaintiff alleges that Defendant City of Cincinnati, his employer, interfered with his rights under the Family Medical Leave Act ("FMLA") and also unlawfully discriminated and retaliated against him for exercising his FMLA rights when

it terminated his employment. (*See id.*) On August 19, 2020, Defendant removed the action to this Court. (*See* doc. 1.)

Thereafter, this matter proceeded without incident. The Court permitted the extension of the case schedule multiple times, although often at the request of both parties—or even by Defendant.

On August 25, 2021, Defendant filed its Motion for Summary Judgment (Doc. 12). Defendant argued that summary judgment was appropriate for numerous reasons, including that Plaintiff admitted he received all leave and benefits to which he was entitled under the FMLA, defeating his interference claim, and that his retaliation claim failed because the decisionmakers did not know he took FMLA leave, defeating any claim of retaliation. (*See id.*) Plaintiff did not file a response to this Motion.

Instead, on September 20, 2021, Plaintiff filed a Motion to Dismiss Complaint Pursuant to Rule 41(A). (Doc. 14.) The Motion provides no explanation for the requested dismissal and instead reads more like a notice of dismissal. (*See id.*) (". . . Plaintiff . . . dismisses his claim for retaliation and interference under the Family Medical Leave Act pursuant to Rule 41(A) of the Federal Rules of Civil Procedure.") Defendant did not file a response to this Motion.

## LAW AND ARGUMENT

Rule 41(a) of the Federal Rules of Civil Procedure governs the voluntary dismissal of an action. Subsection (a)(1) permits dismissal by a plaintiff, when that plaintiff files a notice of dismissal before the opposing party serves either an answer or a summary judgment motion, or when plaintiff files a stipulation of dismissal signed by all parties

2

who have appeared. *See* Fed. R. Civ. P. 41(a)(1)(i), (ii). Rule 41(a)(2) provides for dismissal under circumstances not encompassed by subsection (a)(1), and it permits dismissal at a plaintiff's request "only by court order, on terms that the court considers proper." In this case, because Defendant had previously filed a summary judgment motion, dismissal can only occur pursuant to Rule 41(a)(2) — by court order and on terms that this Court considers to be proper.

Whether to grant a motion to dismiss under Rule 41(a)(2) is within the discretion of the district court. *See Grover by Grover v. Eli Lilly and Co.*, 33 F.3d 716, 718, (6th Cir. 1994). When the requested dismissal is without prejudice, an abuse of discretion is generally found "only where the defendant would suffer 'plain legal prejudice' as a result of a dismissal without prejudice, as opposed to facing the mere prospect of a second lawsuit." *Id.* (quoting *Cone v. West Virginia Pulp & Paper Co.*, 330 U.S. 212, 217 (1947); *Kovalic v. DEC Int'l, Inc.*, 855 F.2d 471, 473 (7th Cir. 1988)).

The question of "plain legal prejudice" requires a court to consider "the defendant's effort and expense of preparation for trial, excessive delay and lack of diligence on the part of the plaintiff in prosecuting the action, insufficient explanation for the need to take a dismissal, and whether a motion for summary judgment has been filed by the defendant." *Id.* Further, the Sixth Circuit has held that "plain legal prejudice results when the district court permits voluntary dismissal '[a]t the point when the law clearly dictates a result for the defendant.'" *Burns v. Taurus Int'l Mfg., Inc.*, 826 F. App'x 496, 503 (6th Cir. 2020) (quoting *Grover*, 33 F.3d at 719).

In this case, Plaintiff's Motion to Dismiss does not specify whether the dismissal is with or without prejudice, and thus is construed as seeking a dismissal without prejudice. *See* Fed. R. Civ. P. 41(a)(1) and (2). That said, dismissal can only occur by order of the Court, and the Court must be satisfied that dismissal without prejudice is appropriate. Given the nature of the proceedings, the question is thus whether Defendant would suffer "plain legal prejudice" if the dismissal were without prejudice.

On the record before the Court, the Court concludes that Defendant would not suffer "plain legal prejudice" and thus dismissal without prejudice is proper. While the Court acknowledges that Defendant makes compelling arguments in its Motion for Summary Judgment, the Court does not have the benefit of Plaintiff's response on these issues. Thus, it cannot conclude that the law "clearly dictates" a result in favor of Defendant. Similarly, Defendant did not object to Plaintiff's Motion to Dismiss, which was implicitly a dismissal without prejudice, or otherwise argue that it would suffer any type of prejudice or that the dismissal should be with prejudice. Finally, the factors are primarily neutral, not weighing in favor of denying a dismissal without prejudice. Accordingly, the Court concludes that dismissal without prejudice is appropriate in this case.

Having concluded that dismissal is proper, the pending Motion for Summary Judgment is moot and need not be decided on the merits.

## CONCLUSION

Accordingly, for the foregoing reasons, Plaintiff's Motion to Dismiss Complaint Pursuant to Rule 41(A) (Doc. 14) is **GRANTED** and such dismissal shall be **WITHOUT PREJUDICE** and Defendant's Motion for Summary Judgment (Doc. 12) is **DENIED AS MOOT**. This case is thus **TERMINATED** from this Court's active docket.

**IT IS SO ORDERED**.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO

By: _____
MATTHEW W. McFARLAND
UNITED STATES DISTRICT JUDGE